MICHAEL G. PETERS

VS

THE STATE OF TEXAS

CAUSE NO. 14-07-08207-CR

836660-02
RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 03 2015
Abel Acosta, Clerk

## WRIT OF HABEAS CORPUS

COMES NOW PETITIONER, MICHAEL G. PETERS WHO STATES HE IS BEING ILLEGALLY HELD PRISONER AT THE MONTGOMERY COUNTY JAIL FOR THE PAST YEAR.

PETITIONER STATES HE IS INDIGENT AND HAS NO ATTORNEY TO REPRESENT HIS CAUSE. PETITIONER STATES THE LAW LIBRARY AT THE COUNTY JAIL IS GROSSLY INADAQUATE AND HAS NO LAW BOOKS OR OTHER MEANS OR WAYS TO PROPERLY PREPARE A LEGAL DEFENCE.

PETITIONER STATES HE IS INDIGENT AND HAS NO MONEY, FUNDS OR MEANS TO SECURE RELIEF OTHER THAN THIS WRIT OF HABEAS CORPUS.

ENCLOSED PETITIONER SHOWS THE STATE FAILED TO PROVIDE PETITIONER WITH THE PAGES AND DOCUMENTS AS RECORDED ON THE SECOND PAGE OF THE ENCLOSED DOCUMENT.

PETITIONER CAN NOT REFUTE ANYTHING THE STATE HAS SAID; AS PETITIONER HAS NO IDEA WHAT THE STATE SAID AS NO INFORMATION WAS PROVIDED PETITIONER WHO IS ACTING PRO SE IN THIS ACTION.

PETITIONER WILL SHOW AS PROOF, THIS IS EXACTLY THE WAY IN WHICH MONTGOMERY COUNTY HAS TREATED PETITIONER FROM THE START; KEEPING THE PETITIONER IN THE DARK, UNINFORMED AND OUT OF TOUCH, SO PETITIONERS CIVIL AND CONSTITUTIONAL RIGHTS WERE DENIED.

PETITIONER STATES HE WAS NEVER GIVEN A COPY OF HIS INDICTMENT AND TO THIS DAY HAS NEVER SEEN SAID INDICTMENT.

THE ORIGINAL CHARGE WAS THAT OF HARRAS-SMENT AS THE TEXAS RANGER WAKEMAN INITIALLY WAS INVESTIGATING, BUT LATER CHANGED AS A MINOR OFFENCE COULD NOT STOP PETITIONER FROM "BLOWING THE WHISTLE" ON JUDGE TRACY A. GILBERT FOR MAKING A DEAL WITH THE HOSPITAL ATTORNEY'S TO PROTECT DR. DREYER. MONTGOMERY COUNTY OFFICIALS RIGGED PETITIONERS TRIAL BY DENYING PETITIONER ALL WITNESSES, PRE-TRIAL MOTIONS AND EVIDENCE. DR. DREYER HAD ALREADY LIED ON THE STAND IN PETITIONERS CAUSE NO. 12-08-09259 AND "FABERCATED" EVIDENCE SHE KNEW WOULD BE PRESENTED BEFORE THE COURT. PETITIONER PROVED THIS IN THE COURT AND THE LIE

STRUCK OUT BY JUDGE DOUGLAS SQUIRE, THIS LIE AND FABRICATION OF EVIDENCE PROMPTED HOSPITAL ATTORNEYS TO APPEAR AT EVERY DIVORCE HEARING FOR (13) THIRTEEN MONTH AND SEND PHOTOGRAPHERS, PRIVATE INVESTIGATORS, COURRIERS TO "SY" SPY ON PETITIONER. THE ACT WOULD HAVE NOT ONLY GOTTEN DR. DREYER FIRED AND HER MEDICAL LICENSES TAKEN AWAY BUT WOULD HAVE COST THE HOSPITALS MILLIONS IN DAMAGES TO PETITIONER AND HIS SON DALTON G. PETERS.

HENCE A CONSPIRACY TO PERVERT THE COURSE OF JUSTICE EVOLVED BY JUDGE TRACY A. GILBERT AND HOSPITAL OFFICIALS AND JUDGE GILBERT'S FRIENDS IN MONTGOMERY COUNTY WHO PRESIDED OVER HIS FALSE CHARGES AGAINST ME AND ATTORNEYS APPOINTED PETITIONER WHOM WERE LOYAL TO JUDGE GILBERT.

PETITIONER STATES "NO EVIDENCE" EXSIST TO HAVE CONVICTED PETITIONER OF A CHARGE OF RETALIATION; BUT SAID CONVICTION WAS GAINED BY JUDGE LISA BENCE MICHALK A FRIEND OF JUDGE GILBERT AND WHO TRAINED JUDGE GILBERT "STRIKING" TEN (10) JURORS TO FAVOR HER FRIEND AND SWAY THE BALANCE OF JUSTICE IN HER FRIEND'S FAVOR (JUDGE GILBERT)

THE JURY DID NOT AND WAS NOT INFORMED OF THE CHARGE OF "RETALIATION", SO THEY DID NOT KNOW EVIDENCE DID NOT EXSIST. BESIDES PETITIONER NOT HAVING ANY WITNESSES, EVIDENCE OR PRE-TRIAL MOTIONS.

PETITIONERS DEFENCE ATTORNEYS BOTH FRIENDS OF TRACY GILBERTS REFUSED TO TELL THE TRUTH AND PRESENT THE FACTS THAT JUDGE GILBERT AND DR. DREYER ENTERED INTO A "QUID PRO QUE" DEAL TO PROTECT ONE ANOTHER, THUS IS THE REASON DR. DREYER PRESSED AND MADE MORE FALSE ALLEGATIONS AGAINST PETITIONER IN 7TH CAUSE STYLED ABOVE.

JUDGE GILBERT MADE FALSE ALLEGATIONS AGAINST HIS OWN LAW PARTNER IN A COURT OF LAW AND LOST HENCE HE HAS A HISTORY OF MAKING FALSE ALLEGATIONS AGAINST PEOPLE HE DOES NOT LIKE SUCH AS PETITIONER WHO WAS CALLING HIM A CHILD MOLESTER PUBLICALLY AND "BLOWING THE WHISTLE" ON HIM.

JUDGE GILBERTS WIFE LIED ON THE STAND AND WAS CAUGHT JUST AS THE JUDGES OTHER WITNESS DR. DREYER. PETITIONER -

STATES ALL THE WITNESS AGAINST HIM "ARE KNOWN LIARS."

PETITIONER STATES AND UNDERSTANDS THE GRAVITY OF THE LEGAL RAMIFICATIONS, BUT IS AT NO FAULT AND REMAINS INNOCENT AND IMPRISONED FOR A CRIME HE WAS SET UP FOR. A BASELESS, UNFOUNDED CRIME. A CRIME FOR WHICH NO EVIDENCE EXSIST.

— PRAYER —

PETITIONER RESPECTFULLY PLEAS WITH THIS HONORABLE COURT TO PROTECT HIS CIVIC AND CONSTITUTIONAL RIGHTS. TO LET PETITIONER PRESENT HIS CASE AND SHOW HIS EVIDENCE WHICH HAS BEEN HIDDEN BY JUDGE GILBERT'S FRIENDS.

PETITIONER STATES HIS SON DALTON GEOFFREY PETERS HAS CANCER AND NEEDS AND DESERVES HIS FATHER WHO LOVES AND WANTS TO PROTECT HIM. PETITIONER STATE HIS SON WAS STOLEN BY LIES AND EVIDENCE FABRICATION BY DR. DREYER WHO HAS DONE THIS IN THE PAST TO ANOTHER FATHER.

PETITIONER STATES THIS CHAIN OF EVENTS TOOK PLACE WHEN TWO (2) BAYLOR GRADS IN POWER AND PREVLEDGE DECIDED TO DO PROFESSIONAL FAVOR'S FOR ONE ANOTHER.

ALL HAVING GREAT MOTIVES FOR THEIR ACTIONS; BUT HOWEVER GREAT THE MOTIVES ARE, MY SON AND MY CONSTITUTIONAL RIGHTS AND THOSE OF MY SON'S HAVE BEEN GROSSLY VIOLATED, SO MUCH SO THAT JUDGES AND DOCTORS THE PILLAR OF OUR SOCIETY HAVE BECOME UNSCRUPULOUS AND CRIMINAL TO HIDE THEIR SECRETS AND IMPRISON A FATHER WHO IS FIGHTING THEM FROM STEALING HIS ONLY SON, HIS LAND, HIS HONOR AND HIS MONEY.

THE REASON JUDGE GILBERT FELT HE COULD GET AWAY WITH THIS IS SIMPLE. PETITIONER HAS TO PREVIOUS OFFENCES (41) YRS AGO AND (31) YEARS AGO FOR OVER EXSTENDING HIS CHECKING ACCT. JUDGE GILBERT FELT HE COULD CONVICT ON MY OLD PAST AND DID THROUGH HIS FRIENDS BY KEEPING THE JURY BLIND TO THE TRUTH.

PETITIONER STATES HE WAS DOING WHAT ANY FATHER IN AMERICA WOULD DO AND

THAT WAS TO PROTECT HIS FAMILY. IT IS A CONSTITUTIONAL RIGHT TO PROTECT ONES PROPERT (HOMESTEAD) AND FAMILY, BUT NOT FOR PETITIONER! OR DALTON!

PETITIONER BEGS FOR RELIEF FROM THIS HONORABLE COURT TO PROTECT THE CIVIL AND CONSTITUTIONAL RIGHTS OF PETITIONER AND HIS SON DALTON G. PETERS.

BRING FORTH PETITIONER AND FAIRLY APPT. A LAWYER TO PRESENT THE TRUTH, GATHER THE FACTS AND PRESERVE JUSTICE.

FATHER AND PETITIONER

Michael G. Peters

# MONTGOMERY COUNTY

### OFFICE OF

# DISTRICT CLERK

*Barbara Gladden Adamick*
*District Clerk*

P.O. BOX 2985 - CONROE, TEXAS 77305

(409)539-7855

DATE: 20TH DAY OF AUGUST, 2015

Honorable Louise Pearson, Clerk
Court of Criminal Appeals
Box 12308 - Capitol Station
Austin, Texas    78711

IN RE:     CAUSE NO. 14-07-08207-CR(1)

EX PARTE: MICHAEL GEOFFREY PETERS
(POST-CONVICTION WRIT OF HABEAS CORPUS)

Dear Ms. Pearson:

Enclosed please find the Clerk's Record prepared in the above Writ of
Habeas Corpus.

Thank you for your attention to this matter.

Sincerely,

BARBARA GLADDEN ADAMICK
DISTRICT CLERK

_____
Deputy

cc: BRENT CHAPELL                          Attorney for State
cc: MICHAEL GEOFFREY PETERS (PRO SE)    Attorney for Petitioner
                                                (Enclosure)

*Rec'd Aug 30, 2015*
*by Michael Peters*

# INDEX

## CLERK'S RECORD

## VOLUME I OF I

NAME OF INSTRUMENTS                                                                    PAGE NOS.

1.    SUMMARY SHEET ........................................................................................    1

2.    DOCKET SHEET ...........................................................................................    2

3.    APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING RELIEF
      FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL
      PROCEDURE, ARTICLE 11.07................................................................    3-9

4.    WAIVER OF SERVICE.................................................................................    10

5.    STATE'S ANSWER TO APPLICATION FOR
      POST-CONVICTION WRIT OF HABEAS CORPUS...................................    11-14

8.    STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
      LAW RECOMMENDING RELIEF BE DENIED..........................................    15-17

9.    FINDINGS OF FACT AND CONCLUSIONS OF LAW RECOMMENDED
      RELIEF BE GRANTED................................................................................    18-20

10.   INDICTMENT...............................................................................................    21-22

11.   JUDGMENT OF CONVICTION BY JURY
      ....(CHALLENGED CONVICTION)............................................................    23-24

12.   JUDGMENT OF ACQUITTAL BY JURY
      ......................................................................................................................    25

13.   JUDGMENT OF CONVICTION BY JURY
      ...(CHALLENGED CONVICTION)..............................................................    26-27

14.   CLERK'S CERTIFICATION OF THE RECORD.........................................    28

*ALL THESE PAGES WERE DENIED PETITIONER WHO IS ACTING PRO SE AT THIS TIME.*